IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 38128

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 348 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 3, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| NATHAN TODD BANBURY, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. David C. Nye, District Judge.

Order revoking probation and requiring execution of unified five-year sentence with a one-year determinate term for grand theft, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Sarah E. Tompkins, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LANSING, Judge;
and GUTIERREZ, Judge

_____

PER CURIAM

Nathan Todd Banbury pled guilty to grand theft. Idaho Code §§ 18-2403(1), 18-2407(1)(b)(1). After conflicting information as to Banbury's mental health and competency and after a period of retained jurisdiction, the district court imposed a unified six-year sentence, with a one-year determinate term. On appeal, this Court vacated the sentence for failure to obtain a psychological evaluation before sentencing and remanded the case for further proceedings. *State v. Banbury*, Docket No. 33417 (Ct. App. Sept. 26, 2007) (unpublished).

On remand, Banbury was deemed to lack the capacity to proceed in the case. The district court suspended the proceedings and ordered that Banbury be committed to the Idaho Department of Health and Welfare for appropriate care and treatment. After treatment,

Banbury's commitment was terminated and his criminal case was reinstated. The district court resentenced Banbury to a unified five-year term, with one year determinate, but suspended the sentence and placed Banbury on probation.

Subsequently, Banbury was found to have violated the terms of the probation; however, the district court continued probation. Approximately a year later, Banbury admitted to again violating the terms of his probation. The district court consequently revoked probation and ordered execution of the underlying sentence, modifying the sentencing order to include mental health programing. Banbury appeals, contending the district court abused its discretion in revoking probation and ordering execution of the underlying sentence.

At the second probation violation hearing, Banbury's counsel recommended and agreed to revoking Banbury's probation and imposing the underlying sentence. Banbury's counsel also requested that the court recommend mental health programing for Banbury. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *Thomson v. Olson*, 147 Idaho 99, 106, 205 P.3d 1235, 1242 (2009); *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985). One may not complain of errors one has consented to or acquiesced in. *Thomson*, 147 Idaho at 106, 205 P.3d at 1242; *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). In short, invited errors are not reversible. *Thomson*, 147 Idaho at 106, 205 P.3d at 1242; *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions, as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986). As such, Banbury invited any error relative to the length of his sentence and may not assert error on appeal.

Despite any invited error, Banbury has failed to demonstrate the district court abused its discretion. It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation, a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation

has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo,* 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327.

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of the probation. *Id*.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in ordering execution of Banbury's underlying sentence. Therefore, the order revoking probation and directing execution of Banbury's previously suspended sentence is affirmed.